UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **COTY BELLAZIN** | **CIVIL ACTION** |
| **VERSUS** | **NUMBER 09-458-JJB-DLD** |
| **GRAIG D. HAYES, ET AL.** | |

## MAGISTRATE JUDGE'S REPORT

This action arises out of an automobile accident that was caused by a tire that became dislodged from defendant Graig D. Hayes' vehicle and traveled into plaintiff's lane resulting in injuries to plaintiff and damage to plaintiff's vehicle. Defendant Pep Boys - Manny, Moe & Jack, Inc. d/b/a Pep Boys #0208 (Pep Boys) removed this matter from the 19th Judicial District Court, Parish of East Baton Rouge, State of Louisiana, based on diversity jurisdiction (28 U.S.C. §1332), and plaintiff immediately filed a motion to remand, which has been referred to this court for a report and recommendation.(rec. doc. 4).[1] The issues before the court are whether non-diverse defendant Hayes was improperly joined to destroy diversity and whether attorney's fees and costs are appropriate under 28 U.S.C. §1447(c). The motion to remand is opposed (rec. doc. 6).

**Factual Background**

According to the petition, on or about February 1, 2008, plaintiff Coty Bellazin was traveling southbound on La. Highway 946 while defendant Hayes was traveling northbound. (rec. doc. 1-4). Hayes later testified to hearing a noise, which he suspected was a loose tire, and shortly thereafter his left rear tire came off of his vehicle, entered the southbound

---

[1] Defendants Allstate Insurance Company and Graig D. Hayes consented to removal (rec. doc. 3).

lane of La. Highway 946, and struck plaintiff's vehicle. The tire's impact resulted in property damage to plaintiff's vehicle and physical injuries to plaintiff. Several hours before the accident, defendant Hayes had purchased four tires from Pep Boys and had the tires installed on his vehicle by an employee of Pep Boys.

As a result of the accident, plaintiff brought suit on July 17, 2008, alleging that the accident was caused by defendant Hayes' negligence, specifically his failure to maintain control of his vehicle, failure to maintain a proper look-out, and failure to maintain his vehicle in proper working order;  and by Pep Boys' negligence, specifically its failure to properly install the tires on defendant's vehicle, failure to warn defendant of the unsafe condition, failure to properly train its employees, and failure to properly inspect the work performed on defendant's vehicle (rec. doc. 1-4).  Plaintiff also brought suit against defendant Hayes' liability insurer, Allstate Insurance Company (Allstate). Plaintiff seeks damages in the form of past, present, and future physical and mental pain and suffering, medical expenses, lost wages and loss of enjoyment of life and property damage. Id.

On June 23, 2009, both plaintiff and defendant Hayes were deposed in connection with this matter (rec. doc. 6).  Thereafter, on July 9, 2009, in an effort to eliminate the need for Pep Boys' employees to be deposed, counsel for defendant Pep Boys sent plaintiff's counsel a letter in which it agreed to stipulate that its negligence was the sole cause of the accident (rec. doc. 6-6).  As a result of the deposition testimony and the proposed stipulation, defendant Pep Boys removed this matter on July 16, 2009, alleging that diversity of citizenship is satisfied because non-diverse defendant Hayes had been improperly joined and that the amount in controversy is satisfied (rec. doc. 1).  Thereafter,

plaintiff filed a motion to remand, which is now before the court for a report and recommendation (rec. doc. 4).

### **Arguments of the Parties**

Plaintiff denies that defendant Hayes was improperly joined to destroy diversity jurisdiction (rec. doc. 4-2). Plaintiff argues that defendant Hayes was the driver of the vehicle which lost the tire that cause the accident; therefore, there is a reasonable possibility that plaintiff could recover against defendant Hayes, and he was properly added as a defendant. Plaintiff acknowledges that defendant Pep Boys has agreed to stipulate to sole liability, but argues that because he had not accepted the stipulation and had not dismissed non-diverse defendant Hayes at the time of removal, defendant Pep Boys' removal is premature. Finally, plaintiff seeks reimbursement for his attorney's fees and costs associated with having to defend against defendant's improper removal.

Defendant Pep Boys responds by arguing that "the evidence is clear Hayes did nothing to cause the accident;" therefore, defendant Hayes was improperly joined (rec. doc. 6). In support of its position, defendant Pep Boys relies on plaintiff's inability to point to facts or information to prove that defendant Hayes caused the accident and on Hayes' deposition testimony that there was nothing that he could have done to avoid the accident. Defendant Pep Boys further states that after defendant Hayes' deposition, plaintiff's counsel informed it that defendant Hayes would be dismissed from the case. Defendant Pep Boys contends that plaintiff was aware that he had no basis of recovery against Hayes after defendant Pep Boys agreed to stipulate to sole liability, but plaintiff refused to dismiss Hayes from this action.

**Law and Discussion**

The removal statute, 28 U.S.C. §1441, is strictly construed and any doubt as to the propriety of removal should be resolved in favor of remand. *Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278 (5th Cir. 2007); *Shamrock Oil & Gas Corp. V. Sheets*, 313 U.S. 100, 108-109, 61 S.Ct. 868, 872, 85 L.Ed. 1214 (1941).  Remand is proper if at any time the court lacks subject matter jurisdiction. See 28 U.S.C. §1447(c). The party seeking removal has the burden of proving either diversity or federal question jurisdiction. *Garcia v. Koch Oil Co. of Texas, Inc.,* 357 F.3d 636 (5th Cir. 2003), *citing Paul Reinsurance Co. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998), and *Gutierrez v. Flores,* 543 F.3d 248 (5th Cir. 2008).  The party seeking to establish diversity jurisdiction must prove the existence of diversity of citizenship and amount in controversy.

<u>Diversity of Citizenship/Improper Joinder</u>

At the time of removal, the parties to this action were not diverse.[2]  Defendant argues, however, that non-diverse defendant Hayes was improperly joined, and his citizenship should be disregarded when determining whether diversity jurisdiction exists. The removing defendant bears the burden of demonstrating improper joinder.  E.g., *Carriere v. Sears, Roebuck & Co.*, 893 F.2d 98, 100 (5th Cir. 1990).  Improper joinder of a non-diverse party can be proven by showing "(1) actual fraud in the pleading of jurisdictional facts, or (2) the inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Guillory v. PPG Industries, Inc.*, 434 F.3d 303, 308 (5th

---

[2] Plaintiff is a citizen of Louisiana, defendant Hayes is a citizen of Louisiana, defendant Allstate Insurance Company's citizenship was not alleged;  and defendant Pep Boys is a Pennsylvania corporation with its principal place of business in Pennsylvania.

Cir. 2005), *citing Smallwood v. Illinois Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir.2004) (en banc).

Fraud in the pleadings is not an issue in this case. Rather, defendant seeks to prove improper joinder by proving that plaintiff has no reasonable possibility of recovery against defendant Hayes. Thus, the court must determine "whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against the in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." Id. When determining improper joinder, the court may look to the facts established by summary judgment type evidence as well as controlling state law. *Carriere v. Sears, Roebuck and Co.*, 893 F.2d at 100. Moreover, the court must evaluate all of the factual allegations in the light most favorable to the plaintiff, resolving all contested issues of substantive fact in favor of plaintiff. *Guillory*, 434 F.3d at 308.

Defendant Pep Boys' argument that defendant Hayes was improperly joined is two-fold: first, defendant argues that deposition testimony proves that plaintiff cannot recover against defendant Hayes, and second, as a result of defendant Pep Boys' agreement to stipulate to sole liability, plaintiff was aware that he did not have a basis for liability against Hayes, but refused to dismiss him from this action.

Plaintiff's inability to point to specific facts and information to support his negligence claim against defendant Hayes during his deposition does not satisfy defendant's burden of proving that there is no reasonable possibility of recovery against Hayes (rec. doc. 6). Parties are rarely able, and are not expected, to identify facts and evidence that tend to support a particular legal theory of recovery, which is why they are represented by

-5-

attorneys.  The plaintiff would have no way of knowing what defendant did or did not do before or even during the accident.  Should he have noticed the tire earlier? Would there have been warning signs?   It is undisputed that plaintiff was driving in his lane when he was struck by a tire that became disconnected from defendant Hayes' vehicle after being installed by defendant Pep Boys.  Because defendant Hayes is responsible for the maintenance and operation of his vehicle, plaintiff has a claim against Hayes for damages.  That Hayes may be able to point elsewhere for fault is typical of automobile cases (e.g., the brakes failed, the tires failed, the steering failed, etc.).

Additionally, defendant Pep Boys argues that defendant Hayes' testimony that there is nothing that he could have done to avoid the accident proves that plaintiff does not have a reasonable basis of recovery against Hayes.  Defendant cites to *Anderson v. Georgia Gulf Lake Charles, LLC*, 2009 WL 2029892 (5th Cir. 2009), to support its argument.  The facts and issues present in *Anderson v. Georgia Gulf Lake Charles, L.L.C*, supra, are completely different from the facts in the instant case; therefore, it is not controlling.[3] Hayes' denial of fault does not absolve him of liability and does not equate to a finding that plaintiff has no reasonable possibility of recovery against Hayes.  If defendants could simply deny

---

[3]*Anderson* involved claims against an entity defendant and several of its manager employees.  As the court noted, the law does not impose individual liability on manager employees for breaches of their general administrative, as opposed to personal duties.  See *Canter v. Koehring Co.,* 283 So.2d 716 (La. 1973); *Ford v. Elsbury*, 32 F.3d 931 (5th Cir. 1994);  *Brady v. Wal-Mart Stores, Inc.*, 907 F.Supp. 958 (M.D. La. 1995).  Thus, the issue of improper joinder and the survival of plaintiff's claim against the employee defendants in *Anderson* turned on whether plaintiff could prove that the employee defendants owed a personal duty to plaintiff.  The affidavits and deposition testimony of employee defendants indicated that they were not delegated personal duties, and plaintiff failed to produce summary judgment-type evidence to prove that the employee defendants owed a personal duty.  Based on the evidence presented, the court found that plaintiff did not have a reasonable possibility of recovery against the employee defendants and that the employee defendants had been improperly joined.  The instant case does not involve a principal of law that limits or conditions a finding of individual liability on defendant Hayes, and Hayes' deposition testimony that there was nothing that he could have done to avoid the accident does not prove that plaintiff has no reasonable possibility of recovery against Hayes.

fault and be absolved, all defendants would win.  Plaintiff has obviously stated a cause of action against defendant Hayes.

The crux of the motion is not whether there is a cause of action against the driver of the vehicle that allegedly caused the accident.  The pertinent issue is whether defendant's proposal to stipulate to liability effectively eliminates plaintiff's otherwise valid claim against Hayes, just as settlement and subsequent dismissal would do.  Defendant Pep Boys suggests that its agreement to stipulate to sole liability eliminates the basis of recovery against defendant Hayes.  It appears that prior to removal, defendant Pep Boys had agreed to stipulate to sole liability, and the parties had discussed the dismissal of Hayes based on the stipulation.  The defendant's proposal to stipulate to sole liability, however, does not eviscerate plaintiff's claim against defendant Hayes and does not prove improper joinder.  This is not a voluntary action by the plaintiff releasing a defendant, and what is proposed can be withdrawn for any number of reasons just as it can be rejected for any number of reasons.  At the time of removal, plaintiff had not dismissed non-diverse defendant Hayes from this action; therefore, defendant Pep Boys' removal was premature.  This court and others have noted that removal based on diversity generally is premature when filed prior to the dismissal of the non-diverse settling defendant. E.g.  *Scheurich v. Agrico Chemical Co.*, 2008 WL 4298449 (M.D. La. 2008);  *Bush v. Waterman Steamship Corp.*, 2000 WL 680275 (E.D. La. 2000);  *Caterpillar, Inc.v. Lewis,* 519 U.S. 61, 117 S.Ct. 467, 136 L.Ed.2d 437 (1996).

Plaintiff requests reimbursement for attorney's fees and costs associated with the filing of the motion to remand.  Section 1447(c) provides that an order remanding a case "may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." The award is within the discretion of the district court

and is to be guided by the standard that, "[a]bsent unusual circumstances, courts may award attorney's fees under §1447(c) only where the removing party lacked an objectively reasonably basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 126 S.Ct. 704, 163 L.Ed.2d 547 (2005). Plaintiff fails to explain why he believes defendant Pep Boys lacked an objectively reasonable basis for seeking removal, and neither side offered any authority dealing with the precise issue (a proposed stipulation); therefore, the request for attorney's fees and costs should be denied.

### Conclusion

Considering the allegations in the light most favorable to the plaintiff, defendant has failed to prove that there is no reasonable possibility of recovery against non-diverse defendant Hayes. Thus, defendant Hayes' Louisiana citizenship should be considered when determining whether diversity jurisdiction exists in this matter. Accordingly,

**IT IS RECOMMENDED** that the motion to remand should be **GRANTED**, and that this matter be **REMANDED** to the 19th Judicial District Court, Parish of East Baton Rouge, State of Louisiana.

**IT IS FURTHER RECOMMENDED** that plaintiff's motion for attorney's fees and costs should be **DENIED.**

Signed in Baton Rouge, Louisiana, on October 22, 2009.

_____
**MAGISTRATE JUDGE DOCIA L. DALBY**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **COTY BELLAZIN** | **CIVIL ACTION** |
| **VERSUS** | **NUMBER 09-458-JJB-DLD** |
| **GRAIG D. HAYES, ET AL.** | |

### NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U.S. District Court.

In accordance with 28 U.S.C. §636(b)(1), you have ten days from date of receipt of this notice to file written objections to the proposed findings of fact and conclusions of law set forth in the Magistrate Judge's Report. A failure to object will constitute a waiver of your right to attack the factual findings on appeal.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in Baton Rouge, Louisiana, on October 22, 2009.

_____
**MAGISTRATE JUDGE DOCIA L. DALBY**